IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MARK ANDREW ANDERSON,

        **Petitioner,**

v.                                 **Civil Action No. 3:26cv382**

JOSEPH W. WATERS,

        **Respondent.**

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). By Memorandum Order entered on May 13, 2026, the Court explained as follows:

> Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code § 8.01–654(A)(1) (2019). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587. As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . *if he has the right under the law of the State to raise, by any available procedure, the question presented.*" 28 U.S.C. § 2254(c) (emphasis added).
>
>     Petitioner indicates that all of his claims currently remain pending in a filing before the Supreme Court of Virginia. (ECF No. 1, at 5–11.)[1] Accordingly, the

---

[1] Petitioner raises claims that he is actually innocent and may also still pursue a petition for a writ of actual innocence in state court. *See* Va. Code. Ann. § 19.2–327.10 *et seq.* Because Petitoner "has the right under the law of [Virginia] to raise," his claim of actual innocence, he has not exhausted his available state

record fails to indicate that Petitioner has properly exhausted his state court remedies with respect to his claims.

Petitioner, apparently understanding that he has not properly exhausted his claims, has filed a Motion to Stay and Hold Petition in Abeyance. (ECF No. 3.) The Supreme Court of the United States has admonished that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for petitioner's failure to exhaust his claims first in state court." *Id.* Here, Petitioner was convicted in 1995. (ECF No. 1, at 1.) Therefore, the federal statute of limitations for filing his federal habeas petition expired decades ago and a stay is not needed. Petitioner has not stated any good cause for his failure to first exhaust his claims in state court. *See Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008) ("[W]here a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice because the use of the stay and abeyance procedure for certain mixed federal habeas petitions is inapplicable." (some internal quotation marks omitted) (quoting *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008)); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citation omitted) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") Accordingly, Petitioner has failed to demonstrate good cause for a stay of the instant action. The Motion to Stay and Hold in Abeyance (ECF No. 3) is DENIED

(ECF No. 4, at 1–3.) Accordingly, the Court directed Petitioner, within twenty (20) days of the date of entry thereof, to show good cause why his § 2254 Petition should not be dismissed for lack of exhaustion, and to explain why this Court should consider his claims. (ECF No. 4, at 3.)

Petitioner has filed a response. (ECF No. 6.) Petitioner concedes that his claims are still pending before the Supreme Court of Virginia, and he has yet to receive ruling from that court. (ECF No. 6, at 2–5.) Therefore, Petitioner's claims remain unexhausted, and the issues here may be resolved by collateral appeal. Petitioner fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time. Accordingly, Petitioner's § 2254

---

remedies. § 2254(c); *see Fitzgerald v. Clarke*, No. 2:17cv737, 2017 WL 6945280, at *3–4 (E.D. Va. Dec. 8, 2017), *R & R adopted*, 2018 WL 406253 (E.D. Va. Jan. 12, 2018) (finding actual innocence claim unexhausted where petitioner could file a state petition for actual innocence).

Petition and the action will be DISMISSED WITHOUT PREJUDICE because he has failed either to demonstrate that he has exhausted available state remedies or that exceptional circumstances warrant consideration of his petition at this juncture.  A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
Chief United States District Judge

Date: 6/17/26
Richmond, Virginia

3